IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE GUEVARA-URAVAC, on behalf of himself and a class and collective of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUSHI UKAI, INC., and HONG WEN DONG a/k/a HONG WU DONG, Jointly and Severally,<br><br>Defendants. | Case No. _____ |

**CLASS AND COLLECTIVE ACTION COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff, Jose Guevara-Uravac, on behalf of himself and a class of others similarly-situated, complains against the Defendants, Sushi Ukai, Inc. and Hong Wen Dong a/k/a Hong Wu Dong (hereinafter, "Defendants"), as follows:

**INTRODUCTION**

1. Defendants own and operate a sushi restaurant, with three store locations in Illinois: La Grange, Wheaton, and Glyn Ellyn. Upon information and belief, the three stores are a single enterprise in that they have a single webpage for all stores (http://www.sushiukai.com/).

2. Plaintiff and similarly-situated employees generally worked in excess of 70 hours each week, and were paid a flat salary for all hours worked, despite being non-exempt workers. They received no overtime wages whatsoever during their employment, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and the Illinois Minimum Wage Law (IMWL),

820 ILCS 105/1 set seq. Additionally, the weekly salary received by Plaintiff and similarly-situated employees failed to compensate them at the applicable minimum wage set by the IMWL.

## PARTIES

3. Plaintiff, Jose Antonio Guevara-Uravac, at all relevant times, has resided at 20B Calendar Avenue, La Grange, Illinois 60525, which is in Cook County.

4. Defendant, Sushi Ukai, Inc. (hereinafter "Sushi Ukai") is a corporation registered and doing business in the state of Illinois. Defendant Sushi Ukai is a joint employer with all other Defendants listed herein. At all relevant times Sushi Ukai has been an employer within the meaning of 29 U.S.C. §203(d) and 820 ILCS 105/3.

5. Defendant, Hong Wen Dong a/k/a Hong Wu Dong (hereinafter "Dong), on information and belief, was the president and owner of Sushi Ukai and set the pay practices that led to the wage violations complained of in this complaint, and participated in the day-to-day operations of Sushi Ukai. At all relevant times, Dong was an employer within the meaning of 29 U.S.C. §203(d) and 820 ILCS 105/3, and also a joint employer with Sushi Ukai.

6. Defendants have grossed $500,000 per year, for calendar years 2021 through 2024. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, in that own three sushi restaurants that obtain items such as: imported sushi, fish, rice, and vegetables which were produced outside of Illinois and moved in interstate commerce. Defendants also utilize commercial cooking equipment such as stoves, grills, and ovens, which were produced outside of Illinois and moved in interstate commerce. Furthermore, Defendants maintain a website, that utilized a national third-party company named Toast, which enables them to fulfill online orders from customers, which is further engaging in interstate

2

commerce. Plaintiff and similarly-situated employees have had to utilize the national third-party platform Toast, to fulfill orders and food items for customers. Thus, Defendants have engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## JURISDICTION

7. This Court has original jurisdiction of this civil action in that the claims of this Complaint arise under the Constitution and laws of the United States. 28 U.S.C.§ 1331 and 1343. As this case is brought for violations of the United States Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. This court has supplemental jurisdiction over the State claims alleged herein in that such claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C.§ 1367.

## VENUE

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a significant portion of the events or omissions leading to the violations stated in this complaint took place at the La Grange store of Sushi Ukai, located at: 120 B West Calendar Street, La Grange, Illinois 60525, which is in Cook County. Therefore, venue is proper in the Eastern Division of the Northern District of Illinois.

## FACTS

9. Plaintiff was employed by Defendants from June 15, 2023 to October 15, 2023, and again from February 1, 2024, to May 13, 2024.

10. Defendants own and operate three restaurants under the same entity, Sushi Ukai, Inc.

11. Defendants' three stores are located at the following addresses:

    a. 120 B West Calendar Street, La Grange, Illinois 60525;

    b. 281 South Rice Lake Square, Wheaton, Illinois 60189; and

   c. 419 North Main Street, Unit B2, Glen Ellyn, Illinois 60137

12. Defendants' restaurants have both a dine-in cuisine for various sushi dishes. Additionally, Defendants' restaurants have an online platform via a national third-party application called Toast, which allows customers to purchase food online and pick up their items in-person.

13. Throughout his employment, Plaintiff was employed by Defendants as a kitchen helper, at the store located at: 120 B West Calendar Street, La Grange, Illinois 60525. As a kitchen helper, Plaintiff's job duties included: preparing food items for sale, cleaning the workstation, washing dishes, bussing tables, and providing any aid that the chef required.

14. Plaintiff typically worked from 9 a.m. to 9:30 p.m., six days a week, but was off on Thursdays.

15. Plaintiff had no designated lunch break where he could eat lunch uninterrupted and not be required to perform work. Plaintiff could only grab a few quick bites of food during periods when the restaurant was not busy. During days when the restaurant was busy all day, Plaintiff received no break at all for lunch.

16. From June 15, 2023 to October 15, 2023, Plaintiff was paid $1,300, every two weeks, for all hours worked each week.

17. From February 1, 2024 to May 13, 2024, Plaintiff was paid $1,500, every two weeks, for all hours worked each week.

18. At all times during Plaintiff's employment, Plaintiff worked an average of 72 hours each week.

19. Throughout his employment, Plaintiff received falsified paystubs from Defendants that stated he worked 72 hours every two weeks, and thus never worked more than 40 hours each week.

4

Plaintiff does not speak or read English fluently, and thus Defendants were able to take advantage of Plaintiff's inability to comprehend his paystubs.

20. In 2023, the $1,300 Plaintiff was paid every two weeks, amounted to being paid $650 each week. By making $650 a week, while working 72 hours a day, Plaintiff was effectively paid $9.02 an hour for all hours worked, which was below the minimum wage of $13 per hour set by the IMWL.

21. In 2024, the $1,500 Plaintiff was paid every two weeks, amounted to being paid $750 each week. At $750 a week, while working 72 hours a day, Plaintiff was effectively paid $10.41 an hour for all hours worked, which was below the minimum wage of $14 per hour set by the IMWL.

22. Plaintiff was paid a flat salary for all hours worked, throughout his employment, despite being a non-exempt employee. As a result, Plaintiff was paid a straight-time for all hours worked, despite working in excess of 40 hours each week.

23. These violations can only be considered willful violations of the FLSA and the IMWL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings this suit as a collective action under the FLSA, on behalf of himself and the following collective:

> All persons employed by Defendants, at any time from September 20, 2021 to September 20, 2024, through the entry of judgment in this case (the "Collective Action Period"), who worked as kitchen helpers, cooks, cashiers, bussers, waiters, and all other hourly workers who were not paid overtime wages (the "Collective Action Members").

25. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action

Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

26. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff is unknown at this time, but believed to be at least 40 when combining the employees from the three stores of Defendants.

## RULE 23 CLASS ALLEGATIONS

27. Plaintiff brings the following class action allegations pursuant to Fed. R. Civ. P. 23, on behalf of:

> All persons employed by Defendants, at any time from September 20, 2021 to September 20, 2024, through the entry of judgment in this case (the "Illinois Class Period"), who worked as kitchen helpers, cooks, cashiers, bussers, waiters, and all other hourly workers who were not paid minimum wages or overtime wages as required by the IMWL (the "Illinois Class").

28. Plaintiff is a member of the Illinois Class and is an appropriate person to represent the class.

29. Undersigned is counsel experienced in Rule 23 class action litigation.

30. Certification of the Illinois Class' claims as a class action is the most economical means of resolving the questions of law and fact which are common to Plaintiff's claims and the claims of the Illinois Class. Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on him individually and on the members of the Illinois Class employed by Defendants. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with a risk of inconsistent adjudications and conflicting obligations. Certification of the proposed class is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for Plaintiff, the members of the Illinois Class, and Defendants.

31. The Illinois Class members are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown at this time, upon information and belief, the Illinois Class is at least 40 members, that have worked for Defendants during the Illinois Class Period, which satisfies the numerosity requirement of Rule 23(a)(1).

32. The claims alleged by Plaintiff raise questions of law and fact common to the Illinois Class. Among these questions are:

   a. Whether Defendants employed Plaintiff and members of the Illinois Class within the meaning of the IMWL;

   b. Whether Defendants failed to pay Plaintiff and the members of the Illinois Class overtime wages, at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in any workweek during the Illinois Class Period;

   c. Whether Defendants failed to pay Plaintiff and members of the Illinois Class minimum wages, at $12.00 per hour for all hours worked in 2022, $13.00 per hour for all hours worked in 2023, and $14.00 per hour for all hours worked in 2024;

   d. Whether Defendants' violations of the FLSA and IMWL were willful;

   e. Whether Defendants are liable for all damages claimed, including but not limited to: compensatory, liquidated, treble, statutory, interest, costs, and attorney's fees.

## COUNT I

## FAILURE TO PAY OVERTIME WAGES – FLSA
## 29 U.S.C. § 207(a)

33. Plaintiff, the Collective Action Members, and the Illinois Class, restate and reallege the preceding paragraphs.

34. Defendants have failed to properly pay Plaintiff, the Collective Action Members, and the Illinois Class, at time-and-a-half their regular rate of pay, for all hours worked in excess of 40 hours, in violation of 29 U.S.C. § 207(a) and 215(a).

35. As a result of these violations, Plaintiffs and others similarly-situated have suffered lost wages.

36. Defendants' violations were willful, within the meaning of 29 U.S.C. § 255(a).

## COUNT II

### FAILURE TO PAY OVERRTIME WAGES—IMWL
### 820 ICLS 105/4a

37. Plaintiff, the Collective Action Members, and the Illinois Class, restate and reallege the previous paragraphs.

38. Defendants have failed to compensate Plaintiff, the Collective Action Members, and the Illinois Class, at time-and-a-half his regular rate of pay for all hours worked in excess of 40 hours, and thus have failed to pay overtime wages, in violation of the IMWL, 820 ILCS 105/4a.

39. As a result of these violations, Plaintiffs and similarly situated others have suffered lost wages.

40. Defendants' violations are willful violations of the IMWL.

41. Therefore, Plaintiff, the Collective Action Members, and the Illinois Class are owed damages for unpaid overtime wages, treble damages, and applicable interest under the IMWL.

## COUNT III

### FAILURE TO PAY MINIMUM WAGES—IMWL
### 820 ILCS 105/4

42. Plaintiff, the Collective Action Members, and the Illinois Class, restate and reallege the previous paragraphs.

43. The IMWL required that Plaintiff, the Collective Action Members, and the Illinois Class, be paid a minimum wage of $12 for all work performed in 2022, $13 for all work performed in 2023, and $14 for all worked performed in 2024.

44. Defendants have failed to pay the appropriate minimum wages set by the IMWL, in violation of the IMWL, 820 ILCS 105/4.

45. Therefore, Plaintiff, the Collective Action Members, and the Illinois Class are owed damages for unpaid minimum wages, treble damages, and applicable interest under the IMWL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully request that this Court enter judgment in their favor and against Defendants jointly and severally by imposing the following:

a) A declaration that Defendants have violated the Illinois Minimum Wage Law;

b) An award of the minimum wages not paid during the last three years;

c) An award of the overtime premiums not paid during the last three years;

d) An award of treble damages to each such individual wages and overtime wages owed;

e) An award of interest at the rate of 5% per month;

f) Injunctive relief prohibiting Defendant from violating the Fair Labor Standards Act in the future under pain of a contempt citation from this Court;

g) An award of attorney's fees and costs; and

h) All such other relief this Court deems just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: 9/20/2024

Respectfully submitted,

<u>s/Brandon A. Thomas</u>
Brandon A. Thomas
IL Bar No. 6333620
Law Offices of Brandan A Thomas
1 Glenlake Parkway, N.E., Suite 650
Atlanta, GA, 30328
Tel: (678) 862-9344
brandon@overtimelaimslawyer.com